(C. D. 1335)

CLOVER LINEN CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 12, 1951)

*Benjamin A. Levett* (*Meyer Ohlbaum* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Harold L. Grossman*, special
attorney) for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest, arising at the port of New York,
against the collector's rejection of an application for abandonment of
certain merchandise under the provisions of section 506 of the Tariff
Act of 1930. The protest also contains the following statement:

We also protest against the payment of all duties not legally chargeable upon
the said importation and pay the amount exacted under duress and compulsion
holding you and the Government responsible for its return.

When the case was called for trial counsel for the Government
moved to dismiss the protest on the ground that it was premature.

Two entries are involved herein, No. 743077, dated November 18,
1946, and No. 748221, dated December 3, 1946. It appears from the
official papers that demands for redelivery of the merchandise were
made on February 10, 1948, and February 16, 1948, and that on
February 25, 1948, after redelivery, requests for leave to abandon
and for refund of duty were made. The requests were refused by
the collector on March 31, 1948, and thereafter, on May 13, 1948,
the within protest was filed. The entries were not liquidated until
March 9, 1950.

Plaintiff claims that the protest is timely on the ground that the
collector's refusal of the request to abandon is a final decision which
does not involve the rate or amount of duty and that therefore the
protest may be made within 60 days after the collector's decision,
rather than within 60 days of liquidation.

The decisions of the collector against which a protest will lie are
set forth in section 514 of the Tariff Act of 1930 as follows:

Except as provided in subdivision (b) of section 516 of this Act (relating to
protest by American manufacturers, producers, and wholesalers), all decisions of
the collector, including the legality of all orders and findings entering into the
same, [1] as to the rate and amount of duties chargeable, [2] and as to all exactions
of whatever character (within the jurisdiction of the Secretary of the Treasury),
and [3] his decisions excluding any merchandise from entry or delivery, under
any provision of the customs laws, and [4] his liquidation or reliquidation of any
entry, or [5] refusal to pay any claim for drawback, or [6] his refusal to reliquidate
any entry for a clerical error discovered within one year after the date of entry,
or within sixty days after liquidation or reliquidation when such liquidation or
reliquidation is made more than ten months after the date of entry, shall, upon
the expiration of sixty days after the date of such liquidation, reliquidation, deci-
sion, or refusal, be final and conclusive upon all persons (including the United
States and any officer thereof), unless the importer, consignee, or agent of the

person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. \* \* \* [Numerals in brackets not quoted.]

Since a protest against a collector's refusal to allow an abandonment is not specifically set forth in section 514, it will not lie unless the language of the section may be construed to render it justiciable in this court. *Eurasia Import Co., Inc.* v. *United States*, 31 C. C. P. A. 202, 211, C. A. D. 273. It was held in that case that a refusal by the collector to make refund of excessive duties to the party entitled thereto, constituted a decision, which, although negative in character, had all the effects of an exaction and was subject to protest. In that case, the claim arose subsequent to liquidation and did not involve any decision of the collector which had merged in the liquidation.

On the other hand, it has been held that a protest does not lie against a collector's refusal to post a notice of liquidation; that the collector must first complete the liquidation and then the importer may protest. *United States* v. *Astra Brentwood Furniture Co.*, 28 C. C. P. A. 205, C. A. D. 147.

The rule is that all decisions of the collector involved in the ascertaining and fixing of the rate and amount of duties chargeable against imported merchandise are merged in and become a part of a legal liquidation and that a protest will lie under those circumstances only against such legal liquidation. *United States* v. *B. Holman, Inc.*, 29 C. C. P. A. 3, 14, C. A. D. 164.

In the instant case, it is clear that the collector's decision as to whether or not to allow the abandonment must be taken into account when he determines the rate and amount of duties chargeable against the imported merchandise. Section 506 provides that an allowance shall be made in the estimation and liquidation of duties where merchandise has been abandoned or condemned. Since the final determination as to the amount of the allowance is made upon liquidation, any prior decision of the collector with regard thereto merges in the liquidation.

The protest in the instant case is not only against the refusal of the collector to permit abandonment of the merchandise but also against the payment of all duties not legally chargeable upon the importation. What plaintiff is really claiming is an allowance in duties because of the attempted abandonment; therefore, the protest should not have been filed prior to the final determination as to the amount of duties chargeable, that is, until liquidation.

We hold, therefore, that since the protest herein was filed prior to liquidation, it is untimely, because prematurely made. The motion to dismiss is granted. Judgment will be rendered accordingly.